UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MELVIN CARTER,<br>Petitioner | CIVIL DOCKET NO. 5:20-CV-287-P |
| VERSUS | JUDGE FOOTE |
| JERRY GOODWIN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Melvin Carter (#311087) ("Carter"). Carter is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Carter challenges his sentence imposed in the First Judicial District Court, Caddo Parish.

Because Carter's § 2254 Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Carter was charged by grand jury indictment with aggravated rape, aggravated kidnaping, and armed robbery. *State v. Carter*, 43,304 (La.App. 2 Cir. 6/18/08); 987 So.2d 364, 366, *writ denied sub nom. State ex rel. Carter v. State*, 2008-2752 (La. 9/25/09); 18 So.3d 86. Carter was convicted of forcible rape after a bench trial. *See id.* Carter was then adjudicated a third felony offender. *Id.* He received a sentence of 42 years at hard labor, which was imposed without the benefit of probation or suspension of sentence. *Id.* The appellate court affirmed the conviction,

but remanded for resentencing.[1] The Louisiana Supreme Court denied writs on September 25, 2009. *Id.* On July 14, 2008, Carter was resentenced to 42 years of imprisonment without benefits. ECF No. 1-3 at 3. Carter sought no further direct review.

Carter filed an application for post-conviction relief on May 10, 2010, which was denied on February 9, 2011. ECF No. 1-3 at 4. Carter does not allege that he sought review of the denial, and the documents he provides do not indicate that he sought further review. ECF No. 1.

Carter filed a second post-conviction application seeking to correct an illegal sentence on July 20, 2018, which was denied on the merits. ECF No. 1-3 at 3-6. The Louisiana Second Circuit Court of Appeal denied writs on the showing made. ECF No. 1-3 at 2. The Louisiana Supreme Court also denied writs. ECF No. 1-3 at 1.

II. <u>Law and Analysis</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d). The AEDPA provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in

---

[1] "Upon error patent review, we note that the trial court imposed Carter's sentence without benefit of probation or suspension of sentence under La. R.S. 15:529.1(G), but noted that under the statute, Carter would be eligible for parole. Nevertheless, because the underlying offense of forcible rape requires that at least two years of the sentence be served without benefit of parole, the habitual offender sentence is to likewise be imposed without parole. *State v. Davenport*, 43,101 (La.App. 2d Cir. 3/19/08), 978 So.2d 1189; *State v. Thomas*, 42,322 (La.App. 2d Cir. 8/15/07), 962 So.2d 1119. Thus, Carter's sentence is illegally lenient. Because the language contained in La. R.S. 14:42.1 requires an exercise of sentencing discretion, it is necessary that we vacate the sentence and remand for resentencing, specifically for a determination of that portion of the sentence to be served without benefit of parole. *State v. Hopson*, 39,570 (La.App. 2d Cir. 4/6/05), 900 So.2d 237." *Carter*, 987 So.2d at 374.

custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Carter's conviction became final on December 24, 2009, upon the expiration of time for seeking further direct review in the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); U.S. Sup. Ct. R. 13. Cater had one year from that date within which to file a § 2254 petition.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott*, 192 F.3d at 512. However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Carter filed an application for post-conviction relief on May 14, 2010, which tolled the limitations period while the application was pending. *See Ott*, 192 F.3d at 512. The application was denied on February 9, 2011, and there is no indication that

Carter sought review of the denial. Therefore, the limitations period resumed with 224 days remaining and expired on September 21, 2011.

Although Carter filed a second post-conviction application on July 20, 2018, seeking to correct an allegedly illegal sentence (ECF No. 1-3 at 4), the limitations period expired years before that filing. Once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008); *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (motion seeking collateral review filed after the expiration of the federal statute of limitations has no bearing on the timeliness of a federal habeas petition); *Magee v. Cain*, 2000 WL 1023423, *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Smith v. Cain*, CIV.A. 11-1895, 2012 WL 629987, at *2 (E.D. La. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 629147 (E.D. La. Feb. 27, 2012).

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so for Carter's Petition. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Carter provides no evidence or argument that would entitle him to equitable tolling, and this Court knows of no such evidence.

III.  Conclusion

Because Carter's § 2254 Petition (ECF No. 1) is untimely, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of April 2020.

                                                                            JOSEPH H.L. PEREZ-MONTES
                                                                            UNITED STATES MAGISTRATE JUDGE